# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

June 27, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS E. WILSON SR.,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0208** (BOR Appeal No. 2047560)
                    (Claim No. 900050980)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**CGM CONTRACTORS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas E. Wilson Sr., by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 30, 2013, in which the Board affirmed a July 31, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 11, 2012, decision which denied a referral to a pain specialist. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Wilson, a heavy equipment operator, was injured in the course of his employment on March 14, 1990, when he was climbing onto a crane and felt something snap in his back. The injury resulted in a herniated disc and he underwent surgery. A December of 1999 letter from his treating physician, Robert Holley, M.D., stated that Mr. Wilson had intractable back pain and a recent MRI showed degenerative disc disease at L5-S1. He was determined to be a long-term management case and incapable of returning to the work force. Dr. Holley stated that attempts to wean Mr. Wilson from pain medications had failed in the past. He therefore recommended continuation of the medications and monitoring for addiction.

In June of 2007, Paul Bachwitt, M.D., performed an independent medical evaluation of Mr. Wilson. Dr. Bachwitt stated that x-rays taken that day showed mild degenerative changes at L4-5, narrowing at L4-5 and L5-S1, and minimal degenerative changes in the rest of the spine. A lumbar spine examination was unremarkable and he diagnosed lumbar sprain/strain, herniated L4-5 disc, and status post L4-5 laminectomy. Dr. Bachwitt opined that Mr. Wilson had long since recovered from his compensable injury and subsequent surgery. He stated that continuation of Hydrocodone and Neurontin, which are narcotics, was inadvisable over this long period of time. He noted that Mr. Wilson was still taking Hydrocodone seventeen years after the injury. It is a Schedule III narcotic and under West Virginia Code of State Rules § 85-20-53.14b (2006), it should be prescribed no longer than six weeks following an injury or subsequent surgery.

A lumbar spine MRI taken on October 13, 2011, showed degenerative disc disease with disc desiccation, surgical changes at L4-5, epidural fibrosis, and facet arthrosis at L4-5 and L5-S1. There was no evidence of re-herniation, disc bulging, disc protrusion, or disc extrusion. Dr. Holley thereafter stated that Mr. Wilson continued to complain of a chronic dull ache in his lumbar spine radiating into his feet as well as lumbar spasms. He requested authorization for referral to a pain specialist. Mr. Wilson testified in a May of 2012 deposition that Dr. Holley had been his treating physician for ten to twelve years. Mr. Wilson underwent physical therapy and injections in the past with little success and he asserted that pain medication provided the most relief for his symptoms. He also stated that he was treated at a pain management facility in the past and the treatment helped him learn to control his pain and medications.

The claims administrator denied Dr. Holley's request for a referral to a pain specialist on April 11, 2012. The Office of Judges affirmed the decision in its July 31, 2012, Order. It found that a 1999 MRI showed degenerative disc disease. Mr. Wilson was evaluated by Dr. Bachwitt in 2007 and he found that the physical findings were contradictory and Mr. Wilson's x-rays only revealed some disc narrowing at L4-5. The Office of Judges determined that there was an insufficient link between Mr. Wilson's current symptoms and the compensable 1990 injury. Dr. Holly's March 9, 2012, office note, in which he determined a referral to a pain specialist was necessary, failed to articulate a causal connection between Mr. Wilson's current complaints and the twenty-two year old injury. The Office of Judges found it relevant that the October of 2011 lumbar MRI showed no signs of significant disc bulging and no disc protrusion or extrusion despite finding degenerative disc disease at several levels.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 30, 2013, decision. This Court agrees with the

reasoning and conclusions of the Board of Review. The evidentiary record fails to demonstrate a causal connection between the request for a referral to a pain specialist and the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Margaret L. Workman